UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBERT WESLEY FUTRELL, III,

      Plaintiff,
v.

CASH INN, LLC,
CASH INN OF 7TH AVENUE, LLC,
CASH INN PAWN & GUN, LLC,
STANDARD FINANCIAL CO.,
CASH INN OF LAUDERHILL, LLC,
ADAM M. HIGER,
MATTHEW GELBART,

      Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ROBERT WESLEY FUTRELL, III ("Futrell"), brings this action against Defendants, CASH INN, LLC ("Cash Inn"), CASH INN OF 7TH AVENUE, LLC ("Cash Inn 7th Ave"), CASH INN PAWN & GUN, LLC ("Cash Inn P&G"), STANDARD FINANCIAL CO. ("SF"), CASH INN OF LAUDERHILL, LLC ("Cash Inn Lauderhill"), ADAM M. HIGER ("Higer"), and MATTHEW GELBART ("Gelbart"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Futrell was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Cash Inn was a Florida corporation that regularly transacted business in Broward County, Florida.

4. At all times material hereto, Cash Inn 7th Ave was a Florida corporation that regularly transacted business in Broward County, Florida.

5. At all times material hereto, Cash Inn P&G was a Florida corporation that regularly transacted business in Broward County, Florida.

6. At all times material hereto, SF was a Florida corporation that regularly transacted business in Broward County, Florida.

7. At all times material hereto, Cash Inn Lauderhill was a Florida corporation that regularly transacted business in Broward County, Florida.

8. Higer is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Cash Inn, Cash Inn 7th Ave, Cash Inn P&G, SF, and Cash Inn Lauderhill, ran the day-to-day operations and had operational control over Cash Inn, Cash Inn 7th Ave, Cash Inn P&G, SF, and Cash Inn Lauderhill, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Futrell.

9. Gelbart is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Cash Inn, Cash Inn 7th Ave, Cash Inn P&G, SF, and Cash Inn Lauderhill, ran the day-to-day operations and had operational control over Cash Inn, Cash Inn 7th Ave, Cash Inn P&G, SF, and Cash Inn Lauderhill, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Futrell.

10. Cash Inn's business involves pawn shop operations.

11. Cash Inn 7th Ave's business involves pawn shop operations.

12. Cash Inn P&G's business involves pawn shop operations.

13. SF's business involves pawn shop operations.

14. Cash Inn Lauderhill's business involves pawn shop operations.

15. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

16. Upon information and belief, Cash Inn's gross sales or business done was in excess of $500,000 per year at all times material hereto.

17. Cash Inn was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

18. Upon information and belief, Cash Inn 7th Ave's gross sales or business done was in excess of $500,000 per year at all times material hereto.

19. Cash Inn 7th Ave was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

20. Upon information and belief, Cash Inn P&G's gross sales or business done was in excess of $500,000 per year at all times material hereto.

21. Cash Inn P&G was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

22. Upon information and belief, SF's gross sales or business done was in excess of $500,000 per year at all times material hereto.

23. SF was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

24. Upon information and belief, Cash Inn Lauderhill's gross sales or business done was in excess of $500,000 per year at all times material hereto.

25. Cash Inn Lauderhill was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

26. At all times material hereto, Futrell engaged in interstate communication on a regular and recurrent basis including but not limited to phone and internet with customers in Tennessee, New York, California, Georgia, and Texas, Puerto Rico, and Israel.

27. Futrell engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

28. Cash Inn, Cash Inn 7th Ave, Cash Inn P&G, SF and Cash Inn Lauderhill are a single enterprise under the FLSA, performed related activites through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

29. Cash Inn, Cash Inn 7th Ave, Cash Inn P&G, SF and Cash Inn Lauderhill were joint employers of Futrell under the FLSA, shared Futrell's services, had Futrell acting in the interest of each business, and shared common control of Futrell.

30. Futrell worked for Defendants as a pawn store clerk.

31. Defendants failed to pay Futrell's full and proper minimum wages.

32. Defendants failed to pay Futrell's full and proper overtime wages.

33. Defendants paid certain payments of Futrell's wages late.

34. Defendants knowingly and willfully refused to pay Futrell's legally-entitled wages.

35. Attached as **Exhibit A** is a preliminary calculation of Futrell's claims. These amounts may change as Futrell engages in the discovery process.

36. Futrell retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

37.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-36 above as if set forth herein in full.

38.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

39.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791